Green, J.
delivered the opinion of the court.
This is a bill to recover certain slaves, which the complainant alleges are in possession of the defendant, and which are his property.
The bill states, that in 1823, Joel Dyer, a maternal grandfather of the complainant, made a conveyance to Blackman Coleman, as trustee, for the benefit of his daughter Mary H. Gray, the wife of Henry L. Gray, and her child James William Gray, the complainant, of both real and personal property, and among other property named in the deed, is the negro woman, Flora, now in possession of the defendant. It further alleges, that soon after the execution of the deed, the said Joel Dyer, the said Henry L. Gray, and the said Blackman Coleman, departed this life, leaving the complainant and his mother surviving; that some time afterwards the said Mary H. intermarried with one Samuel R. Davidson, and has since departed this life, leaving complainant her sole surviving child. The *589 bill further charges, that after the death of the said Joel Dyer, and the said Henry L. Gray, the said negro Flora, through the neglect or bad faith of the trustee, was taken out of the possession of complainant’s mother, the said Mary H. Gray, while he was an infant, and was sold, since which time she has had several children all of whom are in possession of the defendant.
The complainant prays for a decree in his favor as sole owner of all said slaves.
The deed referred to is exhibited with the bill, and is a conveyance to “Blackman Coleman, trustee for Mary H. Gray and child, James William Gray, and such other children as she may have, in consideration of his nataral love and affection to his daughter said Mary H. Gray,” of a tract of land described in the deed. And then the deed proceeds as follows: “And by these presents, the said Joel Dyer do further give and set over, for the within mentioned consideration, unto the said Blackman Coleman, trustee as aforesaid, for the said Mary H. Gray and child, and such other children as she may have, the following personal property for the said Mary H. Gráy’s child, and such other children as she may have, for their use, benefit, and behoof forever, to wit: one negro woman named Flora, aged about seventeen years, one other negro girl named Mal-vina, aged ten years, one other negro named Hardy, aged fourteen years, also two horses, eighty head of hogs, thirteen head of cattle, one wagon, household and kitchen furniture, also one -set of farming utensils; and do by these presents warrant and forever defend the said within named land and property unto the said Blackman Coleman, in trust, for the said Mary H. Gray and child, and such other children as she may have. In testimony,” &c.
The defendant demurred to the complainant’s bill, which demurrer was allowed by the Chancellor, and the bill dismissed. From which the complainant appealed to this court.
The first question is, are these proper parties to this bill?
If by the deed the negroes are given to “Mary H. Gray’s child, and such other children as she may have,” alone, and she had no interest in them, then, as the complainant is her *590 only child, he alone has a right to sue. But if the negroes, as well as the land, are given to “Mary H. Gray and child, and such other children as she may have,” then an interest vested in her, and her representative is a necessary party. And upon the proper construction of the gift, we have no doubt.
The negroes are given in consideration of the love and affection of the donor to his daughter, the said Mary H. Gray. Accompanying this gift, are horses, hogs, cattle, wagon, household and kitchen furniture, and farming utensils — (property inappropriate to be given to an infant child) — and all this property, land, negroes, &c., the donor warrants and defends “to the said Blackman Coleman, in trust for the said Mary H. Gray and child, and such other children as she may have.”
It is manifest, from the whole instrument, that the intention of the donor was, to give the negroes and other property in the same way he had given the land,- — vesting it jointly in his daughter and her children; — And if this exhibit is correctly copied from the original deed, the letter “s” after the name of “Mary H. Gray,” was evidently written inadvertently by the draftsman instead of which should have been employed. But it is probable, that in making the copy, the word was understood to be the letter “s”, and was so written.
As Mary H. Gray was a joint owner of these negroes, her administrator should have been a party, and for that reason the demurrer was properly allowed. But the court should not have dismissed the bill for such cause. After the demurrer was allowed the bill should have stood over,. with leave to amend, by adding the necessary parties. Calvert on Equity, 15.
But it is insisted by the defendant’s counsel, that the statements on the face of the bill show the right of action accrued when Mary H. Gray was sole; that more than three years has since elapsed, and, therefore, that her representative is barred by the statute of limitations — and that the one joint owner of the negroes being barred, the other also is barred, and that upon this ground also the demurrer was properly allowed.
The statements in the bill fro/n which these facts are inferred, render it probable that the inferences of the counsel are *591 correct — but, upon these points,, the draftsman of the bill did not feel called upon to be precise, and we do not think the de-' fence, here set up should be allowed upon such loose statements and inconclusive inferences.
Reverse the decree, and remand the cause.